IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARYLEE ARRIGO,

                               MEMORANDUM

               Plaintiff,

                             12-cv-700-bbc

        v.

LINK STOP, INC., JAY E. LINK,
ASHLAND LAKE SUPERIOR LODGE, LLC,
GRANDMA LINK'S RESTAURANT AND LOUNGE, LLC
and GORDON PINES GOLF COURSE,
d/b/a LINK INTERNATIONAL INVESTMENTS, LLC,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Marylee Arrigo is suing defendants Link Stop, Inc., Jay E. Link, Ashland Lake Superior Lodge, LLC, Grandma Link's Restaurant and Lounge, LLC and Gordon Pines Golf Course for alleged violations of the Family and Medical Leave Act.  In an order dated October 4, 2013, I denied defendants' motion for summary judgment in most respects.  In addition, I directed plaintiff to show cause why defendant Jay Link should not be dismissed from the case and I directed defendants to show cause why summary judgment should not be entered in favor of plaintiff on her claim that defendants violated the FMLA by delaying her reinstatement for two weeks after she took medical leave in September 2010.  Having reviewed the parties' responses, I decline to resolve either issue as a matter of law at this time.

1

OPINION

A.  Jay Link

In the context of briefing defendants' summary judgment motion, the parties debated the question whether defendants had at least 50 employees during the relevant time to qualify as an "employer" under the FMLA.  29 U.S.C. § 2611(4)(A)(i).  The parties filed a stipulation in which they agreed that all of defendants (with the exception of Jay Link) qualified as a "joint employer" so that their number of employees could be combined in determining whether the 50-employee threshold is satisfied. Dkt. #85.  In the summary judgment opinion, I concluded that defendants Link Stop, Ashland Lake Superior Lodge, Grandma Link's Restaurant and Lounge and Gordon Pines Golf Course qualified as an employer, but I directed plaintiff to show cause why Jay Link should not be dismissed because he was not included in the parties' stipulation and none of the parties discussed whether he qualified as an employer on his own.

In response, plaintiff cites 29 U.S.C. § 2611(4)(A)(ii), which states that an employer "includes . . . any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."  In addition, she cites district court decisions for the proposition that an individual defendant can qualify as an employer under that standard if the defendant "controlled in whole or in part [the plaintiff's] ability to take a leave of absence and return to her position."  Robinson v. Morgan Stanley, No. 06 C 5158, 2007 WL 2815839, at *13–14 (N.D. Ill. Sept. 24, 2007). Accord Cuff v. Trans States Holdings, Inc., 816 F. Supp. 2d 556, 566 (N.D. Ill. 2011); Austin v. Cook County, No. 07 C 3184,

2

2009 WL 799488, at *3 (N.D. Ill. March 25, 2009). Because Jay Link made all the decisions at issue in this case, plaintiff says that Link can be sued individually.

Although I have no quarrel with plaintiff's interpretation of § 2611(4)(A)(ii), it is incomplete in the context of this case.  Because plaintiff is relying on the status of the other four defendants as a "joint employer" to reach the 50-employee threshold, this raises the question whether plaintiff must show that defendant Link was "act[ing], directly or indirectly, in the interest of" *all* the other defendants in order to be held liable and, if so, whether he meets that standard.  Dey v. Marshall, 01 C 9810, 2002 WL 773989 (N.D. Ill. Apr. 29, 2002) (to be held liable under § 2611(4)(A)(ii), individual defendant "would have to act on behalf of an employer who itself met the 50 or more employees requirement").  However, because this issue is not jurisdictional, Arbaugh v. Y&H Corp., 546 U.S. 500, 504 (2006), and defendants are not arguing at this time that Link is an improper defendant, I need not resolve the issue now.  If defendants later decide that Link should not have been included in the lawsuit, they may file a motion to dismiss or a motion in limine on this issue. Otherwise, the issue will be waived at trial.


B.  Delayed Reinstatement Claim

One of plaintiff's claims is that defendants refused to allow her to come back to work for two weeks after her doctor released her to work.  In their motion for summary judgment, defendants argued both that the delay did not constitute an adverse employment action and that defendant Link was entitled to determine for himself whether plaintiff was ready to

return.  Dfts.' Br., dkt. #54, at 20 ("[I]t is not unreasonable for an owner of the business to want to visit with his bookkeeper to ensure that she is okay to return to handling the businesses' financial matters.").

In the summary judgment opinion, I rejected both of these arguments.  First, I concluded that plaintiff could prove an adverse employment action because the delay made it more difficult for her to catch up on her work and because her inability to finish work on time is one of the reasons defendants cited for firing her.  Second, I concluded that the case law and regulations relating to an employee's return to work do not allow the employer to determine unilaterally when the employee is ready to come back.  Although plaintiff asked for summary judgment on this claim in her brief, she did not file a separate motion, so I gave defendants an opportunity to address this issue.

Having reviewed defendants' response, I am persuaded that there are genuine issues of material fact precluding summary judgment.  First, the Court of Appeals for the Seventh Circuit has stated that the issue whether a decision qualifies as an adverse employment action can be a question of fact in some cases. Thompson v. Memorial Hospital of Carbondale, 625 F.3d 394, 407 (7th Cir. 2010).  "It is true that some cases present obvious examples of materially adverse actions being taken against employees. For example, courts should not generally task juries with determining whether terminations, demotions or salary cuts are materially adverse actions. But there are times where the question is not so obvious, and this case presents one of those instances." Lewis v. City of Chicago Police Dept., 590 F.3d 427, 436 (7th Cir. 2009).  Because a reasonable jury could come to different

conclusions on this issue, it should not be decided by the court.

Second, defendants cite new evidence in their response that defendant Link asked plaintiff to provide a medical release from her doctor before returning to work, but she failed to do so. Dkt. #138 at ¶ 141. If this is true, defendant Link's decision to delay plaintiff's return could be in compliance with the FMLA. 29 C.F.R. § 825.216(b) (employer "may delay restoration to an employee who fails to provide a fitness-for-duty certificate to return to work"). Accordingly, I will allow this claim to proceed to trial as well.

Entered this 13th day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5