IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARYLEE ARRIGO,

                                                                                                          ORDER

                      Plaintiff,

                                                                                                           12-cv-700-bbc

      v.

LINK STOP, INC., JAY E. LINK,
ASHLAND LAKE SUPERIOR LODGE, LLC,
GRANDMA LINK'S RESTAURANT AND LOUNGE, LLC
and GORDON PINES GOLF COURSE,
d/b/a LINK INTERNATIONAL INVESTMENTS, LLC,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case brought under the Family and Medical Leave Act is scheduled for trial on May 5, 2014.  In reviewing the parties' proposed verdict forms and jury instructions, I uncovered a dispute between the parties that neither side has addressed adequately.  In particular, the parties disagree about the extent to which plaintiff may treat  defendants as a collective entity.

Plaintiff's submissions do not differentiate among any of the defendants; instead, plaintiff assumes that defendants may be held jointly and severally liable.  She relies solely on the parties' stipulation that defendants Link Stop, Inc., Ashland Lake Superior Lodge, LLC, Grandma Link's Restaurant and Lounge, LLC and Link International Investments, LLC qualify as a "joint employer" under the FMLA regulations.  29 U.S.C. § 825.106

1

("Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA."). Defendants take the opposite approach, arguing that plaintiff must prove separately that each defendant violated her rights because qualifying as a joint employer is not enough to make defendants jointly and severally liable.

Unfortunately, neither side develops an argument in support of its position on what is a key question in this case. Accordingly, I am directing the parties to submit supplemental briefs on this issue. The parties should address the questions whether (1) defendants Link Stop, Inc., Ashland Lake Superior Lodge, LLC, Grandma Link's Restaurant and Lounge, LLC and Link International Investments, LLC may be treated as one defendant for the purpose of liability and damages; and (2) Jay Link may be grouped together with the other defendants.

With respect to the second question, I note that the parties did not stipulate that Jay Link was a "joint employer" with the other defendants, so plaintiff may not rely on the stipulation to argue that she does not have to prove her claim separately as to that defendant. One possible answer to the second question is that it makes no sense to separate defendant Link from the business entities because he was the only decision maker involved in plaintiff's termination. In other words, if the relevant decisions of the business entities can be traced back to defendant Link, it may not serve any purpose to separate them on the verdict form. In any event, the parties should address that issue in their briefs.

In addition to these supplemental briefs, the parties should submit proposed jury

instructions that reflect their position on these issues as well any corresponding verdict questions. To the extent either side believes that an instruction or a verdict question is not necessary, that party or parties should explain why in the supplemental brief.

## ORDER

IT IS ORDERED that the parties may have until April 23, 2014, to file supplemental materials addressing the matters discussed in this order.

Entered this 22nd day of April, 2014.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge