IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARYLEE ARRIGO,

                                                                                     ORDER No. 2

                          Plaintiff,

                                                                                     12-cv-700-bbc

     v.

LINK STOP, INC., JAY E. LINK,
ASHLAND LAKE SUPERIOR LODGE, LLC,
GRANDMA LINK'S RESTAURANT AND LOUNGE, LLC
and GORDON PINES GOLF COURSE,
d/b/a LINK INTERNATIONAL INVESTMENTS, LLC,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This case brought under the Family and Medical Leave Act is scheduled for trial on May 5, 2014. The parties have responded to the court's April 22, 2014 order, dkt. #218, to address two questions: (1) whether defendants Link Stop, Inc., Ashland Lake Superior Lodge, LLC, Grandma Link's Restaurant and Lounge, LLC and Gordon Pines Golf Course d/b/a Link International Investments, LLC may be treated as one defendant for the purpose of liability and damages; and (2) whether Jay Link may be grouped together with the other defendants.

       With respect to the first question, plaintiff relies on a straightforward exercise of statutory interpretation to argue that the four business entities may be treated as one on the special verdict form. In particular, she notes that the liability provision at issue, 29 U.S.C.

1

§ 2615(a)(1), prohibits the "employer" from interfering with the exercise of the employee's FMLA rights. An "employer" is defined as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i). Because defendants have stipulated that the four companies qualify as a "joint employer" under 29 C.F.R. 825.106, dkt. #85, and it is only by counting the employees of each of the four businesses that defendants meet the 50-employee threshold, plaintiff argues that it follows necessarily that it is the businesses collectively that are the "employer" identified in § 2615(a)(1). Further, if it is the businesses collectively that qualify as the "employer" under § 2615(a)(1), then they can be held liable collectively under § 2615(a)(1) as well.

The flaw in this argument is that it rests on an assumption that the "employer" in § 2615(a)(1) and the companies that make up a "joint employer" in § 825.106 are synonymous, but that is incorrect. Rather, the language of the regulation shows that the effect of being a joint employer is simply that each company involved must count the employees of all of the companies as their own for the purpose of determining whether they meet the 50-employee threshold. 29 C.F.R. § 825.106(e) ("Employees jointly employed by two employers must be counted by both employers, whether or not maintained on one of the employer's payroll, in determining employer coverage and employee eligibility."). Plaintiff points to no language in the statute or the regulation supporting a view that all of the companies become one "employer" for the purpose of liability under § 2615(a)(1). As

defendants point out, the regulation distinguishes between the "primary" employer and the "secondary" employer and suggests that each is independently responsible for its own actions. 29 C.F.R. § 825.106(c) ("In joint employment relationships, only the primary employer is responsible for giving required notices to its employees, providing FMLA leave, and maintenance of health benefits . . . . A covered secondary employer will be responsible for compliance with all the provisions of the FMLA with respect to its regular, permanent workforce.").

Further, plaintiff's interpretation would lead to unfairness in many situations. For example, the language of the regulation makes it clear that it is intended to apply in the context of temporary employment agencies. 29 C.F.R. § 825.106(b)(1) ("[J]oint employment will ordinarily be found to exist when a temporary placement agency supplies employees to a second employer."). Under plaintiff's view, if the temporary employment agency fired an employee for taking medical leave, the contracting business could be held liable as well, even if it had no involvement in the firing decision.

In my view, the best reading of the regulation is that it does not make one company jointly liable for a decision made by another company. This is consistent with various decisions cited by defendants in their brief. E.g., Brown v. Cook County, Illinois, 10 C 2689, 2012 WL 6055318 (N.D. Ill. Dec. 6, 2012) ("Nowhere in the statue or regulations, however, is it suggested that one employer can or should be held liable for the other employer's adverse employment actions solely because of their joint employer relationship. . . [E]ven if there is a joint employer relationship, each of the defendant employers must

3

have its own relevant contacts with the plaintiff employee for purposes of FMLA liability."); Shah v. Littelfuse Inc., 12 CV 6845, 2013 WL 1828926 (N.D. Ill. Apr. 29, 2013) ("A joint employer relationship does not automatically expose an employer to liability for actions taken by its co-employer."). Plaintiff cites no courts that have adopted a contrary view.

In this case, I understand that the parties agree that defendant Link Stop made the decision to terminate plaintiff, but it is not clear whether plaintiff has any basis for suing the other companies if they cannot be held jointly liable with Link Stop. Accordingly, I am directing plaintiff to show cause why defendants Ashland Lake Superior Lodge, LLC, Grandma Link's Restaurant and Lounge, LLC and Gordon Pines Golf Course d/b/a Link International Investments, LLC should not be dismissed from the case.

My conclusion regarding the proper interpretation of "employer" and "joint employer" resolves the debate regarding defendant Jay Link as well. Under 29 U.S.C. § 2611(4)(A)(i)(I), an employer includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." There is no dispute that defendant Jay Link was acting on behalf of defendant Link Stop when he fired plaintiff.

Defendants argue that Jay Link cannot be sued under § 2611(4)(A)(i)(I) because he was not acting on behalf of any company that had more than 50 employees, but defendants cannot have it both ways. I have agreed with their position that the word "employer" in § 2615(a)(1) does not refer to each company that is a "joint employer" under § 825.106. Rather, the "employer" is the company that made the decision at issue, which in this case the parties agree is defendant Link Stop. Although Link Stop did not have 50 employees at

the relevant time, that is not dispositive because I also have agreed with defendants' argument that the purpose of § 825.106 is to determine how to count a company's employees for the purpose of determining whether it meets the 50-employee threshold in § 2611(4)(A)(i). In other words, defendant Link Stop may qualify as the "employer" under § 2615(a)(1) because the employees of defendants Ashland Lake Superior Lodge, LLC, Grandma Link's Restaurant and Lounge, LLC and Gordon Pines Golf Course d/b/a Link International Investments, LLC must be counted as defendant Link Stop's employees under § 825.106. Thus, defendant Jay Link was acting on behalf of an employer within the meaning of the statute and regulation. Accordingly, I decline to dismiss defendant Jay Link from the case.

Further, because the parties agree that Jay Link was the only decision maker in this case, I see no reason to distinguish between Jay Link and Link Stop, Inc. on the liability verdict form. If the jury finds that Jay Link fired plaintiff because of the exercise of her FMLA rights, then it follows necessarily that defendant Link Stop may be held liable as well.

ORDER

IT IS ORDERED that plaintiff Marylee Arrigo may have until May 1, 2014 to show cause why defendants Ashland Lake Superior Lodge, LLC, Grandma Link's Restaurant and Lounge, LLC and Gordon Pines Golf Course d/b/a Link International Investments, LLC

should not be dismissed from the case.

    Entered this 25th day of April, 2014.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge